

39

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.,
County Auditor
Waller County
Hemstead, Texas

Dear Sir:

Opinion No. 0-7210
Re: If Justice of Peace collects
fees for County Attorney or
Sheriff of county on a fee
basis but does not turn same
over to said officer entitled
to same until subsequent year,
should said officer entitled
to such fees report same in
his annual report for the year
in which the Justice of the
Peace collected same, as collect-
ed or delinquent?

We have received your recent opinion request, quoted
as follows:

"According to S. B. 290 Acts 44th Legislature,
we use the 'Official Receipt for Fines and Costs'
in Waller County, a sample of which please find en-
closed. Waller County is on a fee basis.

"Presuming that the enclosed sample receipt
was a fighting fine in J. P. Court, then said
receipt shows that the J. P. collected $14.00
from John Doe. The J. P. collects costs, issues
receipt and signs same. In upper right column,
the distribution of this $14.00 is shown by the
J. P.

"As you will notice Attorney's fee is shown
as $5.00, and the Sheriff's cost as $4.00. From
this receipt, as County Auditor, I charge the
County Attorney, Sheriff, etc., with these respec-
tive amounts, showing same as collected by such
officer, as of date receipt is issued.

<u>Honorable W. P. Herms, Jr., - Page 2</u>

"Now, the J. P. deposits the $4.00 trial fee and 85% or 85¢ of the $1.00 fine with the County Treasurer, and the county in turn issues the J.P. a warrant for $3.00, which is his compensation for such trial.

"The question arises as to just when the County Attorney or Sheriff is to report their fee as <u>Collected</u>.

"Let us presume, for clarification, that the $5.00 attorney's fee, as per sample which was collected by J. P. Nov. 6, 1945, was not actually given to the County Attorney until 1946. The question has arisen as to whether this item should be reported as <u>collected</u> by the County Attorney in 1945 or 1946.

"My contention is that the date the receipt is issued by the J. P. or County Clerk, and the money actually collected by them, should be the date which the County should also consider that the County Attorney or Sheriff <u>received</u> and <u>collected</u> his fees, even though J. P. or County Clerk actually handed the County Attorney or Sheriff such amounts at a later date.

"Suppose, in the sample shown, the County Attorney was not actually paid his $5.00 fee by the J. P. until 1946. My question is:

"1. In County Attorney's 1945 annual report should he show this item as a fee collected or uncollected?

"My contention is that such fee is deemed collected by the County Attorney or Sheriff at the time of the <u>payment</u> of such fine and that the date of remittance to said County Attorney by J. P. or County Clerk is irrelevant.

"If such is not the proper procedure in handling these items, then County Auditor's records will only reflect <u>fees earned</u> and not <u>fees collected</u>, thereby placing a barrier against the checking by the County Auditor, of the annual reports of fees <u>collected</u> by such officers.

Honorable W. P. Herms, Jr., - Page 3

"I shall appreciate your opinion regarding the question above stated."

Art. 3897, V.A.C.S., provides as follows:

"Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designated and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the Clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in addition said officer shall be subject to removal from office. Acts 1930, 41st Leg., 4th C.S., p. 30, ch. 29, Sec. 5; Acts 1935, 44th Leg., 2nd C.S., p. 1762, ch. 465, Sec. 9." (Under scoring added)

Art. 3898, V.A.C.S., provides, among other things, that the fiscal year, within the meaning of the foregoing article, shall begin on January 1st of each year.

It shall be noted that said Art. 3897, supra, provides that said reports show all fees, commissions and compensations whatever earned during the fiscal year by the officer making such report; the amount of said fees, commissions and compensations collected by said officer during the fiscal year; and

Honorable W. P. Herms, Jr., - Page 4

an itemized statement of all such fees, etc., earned by said officer during the fiscal year which were not collected. Bearing these provisions in mind, we see no reason why the County Auditor cannot easily determine from the annual report the exact amounts earned and collected by the officers in question.

Said Article 3897, supra, provides for a report of fees, etc., collected by the officer making the report. The word "collected" in this article seems to be used in the sense of "received." Until said fees, commissions or compensations have been received into the control or custody of the sheriff or county attorney in question we do not see how such sheriff or county attorney could truthfully report that he has "collected" same. In the event that such officer did not collect or receive such fees, etc., during the fiscal year in which same were earned but did report same as earned and uncollected for such year, then if such fees are collected or received by him during the following fiscal year he must report same as collected in such subsequent year.

Therefore it is our opinion based on the facts before us that the 1945 annual report of the county attorney should show the $5.00 item in question as a fee earned and uncollected during the fiscal year of 1945, and said officer's annual report for the current fiscal year of 1946, when made, should report said delinquent fee as collected.

APPROVED MAY 9 1946

ATTORNEY GENERAL OF TEXAS

RLL:zd

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore Jr

Robert L. Lattimore, Jr.,
Assistant


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN